

# Missouri Court of Appeals
## Western District

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | WD86395 |
| Respondent, ) | |
| v. ) | OPINION FILED: |
| ) | |
| ROBERT G. DONNELL, ) | August 6, 2024 |
| ) | |
| Appellant. ) | |
| ) | |

**Appeal from the Circuit Court of Saline County, Missouri
The Honorable Dennis A. Rolf, Judge**

**Before Special Division:  Gary D. Witt, Presiding Judge,
Thomas N. Chapman, Judge, and Zel Fischer, Special Judge**


Following a jury trial in the Circuit Court of Saline County, Robert Donnell

("Donnell") was convicted of one count of possession of a controlled substance, one

count of burglary in the second degree, and one count of resisting arrest.  In his sole point

on appeal, Donnell argues that the circuit court plainly erred in admitting into evidence

the methamphetamine found in Donnell's pocket.  The judgment is affirmed.

## Background

Donnell was charged with six offenses based on two separate incidents, both of

which occurred at a rehabilitation center that was no longer in operation.  Regarding an

incident occurring on October 3, 2021, Donnell was charged with one count of burglary in the second degree, one count of possession of burglary tools, and one count of possession of a controlled substance. Regarding an incident occurring on April 3, 2022, Donnell was charged with one count of burglary in the second degree, one count of resisting arrest, and one count of stealing.

Prior to trial, Donnell filed a motion to suppress that argued that the methamphetamine that was found in his pocket during the October 2021 incident was the product of an unconstitutional search and seizure. Following a suppression hearing, the trial court denied Donnell's motion. Donnell did not object when the evidence was admitted at his subsequent trial.

Regarding the October 2021 incident, the State presented evidence that Donnell's truck was parked near a building at the closed rehabilitation center. Doors to the defunct center, which should have been secured, were open. Copper wire had been cut and gathered near the open door. A pry bar was located on the back of Donnell's truck. Police officers located Donnell behind a nearby tree and in possession of a night vision camera. The officers questioned Donnell. During a pat-down for weapons, a pair of wire-cutters were located in Donnell's pocket. Donnell claimed that he was playing hide and seek with a friend (though he later admitted at trial that no one else was present). A search of Donnell's pocket revealed a bag of what appeared to be methamphetamine. Donnell was subsequently arrested.

Donnell testified at trial that he was "out in the woods with a night vision camera being high." He testified that he did not go into any of the buildings that night; that he had never seen the pry bar before; that the doors of the building were always open; that he always carried pliers in his pocket; that he lied to police because he was nervous because he was in possession of methamphetamine; and that he was "probably too high" to have committed any burglaries.

Regarding the April 2022 incident, the State presented evidence that Donnell and a relative, J.U., went to the rehabilitation center to steal copper. They drove to the rehabilitation center separately, entered, and spent over two hours cutting and stacking wire and piping to sell as scrap metal. Donnell brought tools. Law enforcement arrived to respond to a break-in. Donnell fled when an officer announced his presence; the officer gave chase; and Donnell ignored the officer's calls to stop. Subsequently, law enforcement discovered an "abundance of copper piping" and an insurance card belonging to Donnell in the jeep that Donnell had driven to the center.

Donnell testified that he had driven the jeep to the rehabilitation center and had been present at the center twice earlier on April 3, 2022, but that he was not present when police arrived.

Following a two-day trial, the jury returned its verdict. Regarding the October 2021 incident, the jury found Donnell guilty of possession of a controlled substance, but acquitted Donnell of the charges of burglary and possession of burglary tools. Regarding

the April 2022 incident, the jury found Donnell guilty of burglary in the second degree and resisting arrest, but acquitted Donnell of the charge of stealing.

Donnell was sentenced as a prior and persistent felony offender to a term of eight years for possession of a controlled substance, a term of ten years for burglary in the second degree, and a term of seven years for resisting arrest with the sentences to run consecutively.

Donnell now appeals to this court.

**Analysis**

In his sole point on appeal, Donnell argues that the trial court plainly erred in admitting into evidence the methamphetamine that was found in his pocket during the October 2021 incident. He argues that the methamphetamine was discovered and seized due to an unconstitutional search and seizure.

Donnell recognizes that he did not object to the admission of the evidence at trial, and that his alleged error is unpreserved. He requests plain error review.

Generally, appellate courts do not review unpreserved allegations of error. *See* Rule 30.20. However, Rule 30.20 grants appellate courts discretion to conduct plain error review and provides: "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

Plain error review may be available when a failure to object at trial is due to inadvertence or neglect. *State v. Johnson*, 284 S.W.3d 561, 582 (Mo. banc 2009).

4

However, such review is not available "when a party affirmatively states that it has no objection to evidence an opposing party is attempting to introduce or for a trial strategy reason." *See id.* (internal quotations omitted); *see also State v. Hughes*, 563 S.W.3d 119, 125 (Mo. banc 2018) ("[I]f a defendant not only fails to object but also states 'no objection' or stipulates to the admission of otherwise objectionable evidence, the defendant affirmatively waives any error in its admission, plain or otherwise.").

At trial, the State sought to admit Exhibit 7, which consisted of the bag of methamphetamine that was seized following a search of Donnell's pocket during the October 2021 incident. Counsel for Donnell stated: "No objection, your Honor." The trial court then received Exhibit 7 into evidence. Counsel for Donnell likewise stated that he had no objection to the admission or publication of body cam footage that showed the search of Donnell, the retrieval of the bag of methamphetamine, and Donnell discussing the bag of methamphetamine. Counsel for Donnell likewise stated that he had no objection to the admission of a lab report identifying Exhibit 7 as containing methamphetamine.

Donnell repeatedly emphasized his possession and use of methamphetamine as part of his defense to the charges of burglary and possession of burglary tools related to the October 2021 incident. Donnell explained his presence at the closed rehabilitation center on October 3, 2021 by testifying that he was "out in the woods with a night vision camera being high." Donnell explained his odd interaction with law enforcement by asserting that he was really nervous because he knew that he was in possession of

5

methamphetamine. Donnell relied on his use of methamphetamine when testifying that he was "probably too high to be committing burglaries." Donnell's counsel repeatedly emphasized that Donnell was willing to admit that he was in possession of methamphetamine in an apparent attempt to boost Donnell's credibility with the jury.

Based on the record before us, we decline plain error review. Not only did Donnell fail to object to the introduction of extensive evidence related to his possession of methamphetamine, Donnell affirmatively stated to the trial court that he had no objection to the introduction of such evidence. His possession of methamphetamine was repeatedly emphasized in his defense to the charges of burglary and possession of burglar's tools – charges of which Donnell was acquitted. Plain error is not available when the record reveals that a failure to object was not the product of inadvertence or neglect, but instead a strategic choice. *Johnson*, 284 S.W.3d at 582.

**Conclusion**

The judgment is affirmed.

_____
Thomas N. Chapman, Judge

All concur.